UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

WORLD WIDE POLYMERS, INC..

              Plaintiff,

v.

SHINKONG SYNTHETIC FIBERS
CORPORATION,

              Defendant.

------------------------------------------------------X

03 CV 8843 (LAP)

REVISED ORDER

*MAILED TO COUNSEL*

LORETTA A. PRESKA, Chief United States District Judge:

Having reviewed counsel's recent letters (attached), I now hold that "no further extensions" means "no further extensions." World Wide Polymers' sub silentio request that the Court accept its expert report filed seven weeks late is denied; its request for damages is stricken, and the case will proceed on World Wide Polymers' request for injunctive relief, with discovery to close in accordance with the previously ordered schedule.

SO ORDERED:

Dated: August 24, 2009

                                                /s/ Loretta A. Preska
                                                LORETTA A. PRESKA, Chief U.S.D.J.

03cv8843ORDER

# THOMPSON HINE

| ATLANTA | CINCINNATI | COLUMBUS | NEW YORK |
| BRUSSELS | CLEVELAND | DAYTON | WASHINGTON, D.C. |

August 14, 2009

*By Facsimile*

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

RE: World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corporation,
Case No. 03 CV 8843 (LAP)

Dear Judge Preska:

We are the attorneys for the plaintiff World Wide Polymers, Inc. ("WWP") in the above-referenced matter.

We write this letter to report to the Court on the current status of the case and to request a short extension of time to allow for the completion of expert discovery. All party depositions have been completed and all documentary discovery has been or will be done by August 21. The parties expect to have completed all other discovery on or before the current deadline of August 21, 2009.

We are in the process of obtaining remaining custodial affidavits from non-parties and currently expect to take one very short non-party deposition by video-conference within the next two weeks (subject only to the witnesses schedule, on which we await word). Also, by letter dated July 29, 2009, we asked Shinkong to provide certain previously requested documents which were identified as being in its possession at one of the recent party depositions. Shinkong has not yet replied to this request. We hope the parties will work this out.

The preparation and delivery of plaintiff's expert report took longer than anticipated, and was delivered to defendant's counsel on July 29, 2009. On the originally contemplated date of production, we called and left a message for Shinkong's counsel indicating that the report would be delayed by a few weeks. In fact, it turned out to be longer. After we produced the report to Shinkong's counsel, we called and/or emailed counsel several times attempting to discuss a revised schedule for Defendant's expert disclosures. Shinkong's counsel never responded. Finally, the undersigned reached Shinkong's counsel by telephone on or about August 4, 2009 and asked him, among other things, how much time he needed for his expert disclosures. He said he would need to get back to me and promised to do so before the end of the week. He

Richard.DePalma@ThompsonHine.com   Phone 212.908.3969   Fax 212.344.6101                sv

THOMPSON HINE LLP          335 Madison Avenue                 www.ThompsonHine.com
ATTORNEYS AT LAW           12th Floor                         Phone 212.344.5680
                           New York, New York 10017-4611      Fax 212.344.6101

**THOMPSON HINE**

never did. Not having heard from him, we left messages for him again earlier this week and got no response. Finally, today when I sent a draft of this letter to him for comments, he indicated for the very first time that his client would object to the late delivery of the expert report and that he would address the issue in a separate letter to the Court.

Although the expert report was delivered to Shinkong later than the time that counsel had originally agreed upon, there is no prejudice to Shinkong. Moreover, in failing to return calls and/or emails for nearly two months, and never before objecting to the timing of the delivery of the report, Shinkong should not now be allowed to object.

We respectfully request that Your Honor permit the following final schedule:

(i) Defendant's expert report, if any, on or before September 11, 2009;

(ii) expert depositions, if any, on or before September 25, 2009;

(iii) pre-motion conference requested on or before October 2, 2009;

(iv) dispositive motions served on or before October 23, 2009;

(v) opposition to dispositive motions on or before November 20, 2009; and

(vi) reply papers, if any, on or before December 17, 2009.

We have no objection to the Court giving Shinkong additional time with respect to expert discovery. However, since Shinkong's counsel has refused to discuss the issue with us, we do not have the benefit of knowing how long Shinkong will need to prepare its expert report. We have tried to lay out a fair schedule and will be guided by the Court accordingly.

Respectfully submitted,

Richard A. De Palma

copy: Todd R. Geremia, Esq. (*via email*)
Robert T. Barnard, Esq.

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017
TELEPHONE: (212) 326-3939 • FACSIMILE: (212) 755-7306

Direct Number: (212) 326-3429
trgeremia@jonesday.com

JP003870:mje
017407-600001

August 20, 2009

**BY FACSIMILE**

The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
Room 1320
500 Pearl Street
New York, New York 10007

    Re:    World Wide Polymers, Inc., v. Shinkong Synthetic Fibers Corp.,
           No. 03 CV 8843 (LAP) (S.D.N.Y.) (filed Nov. 7, 2003)

Dear Chief Judge Preska:

    We represent the defendant Shinkong Synthetic Fibers Corporation in this action. We write in response to World Wide Polymers, Inc.'s August 14, 2009 letter asking for yet another extension of the discovery schedule in this nearly six-year-old matter—or, more accurately, brazenly assuming that such an extension has already been granted and asking for a further adjustment to accommodate it. We respectfully submit that, in light of Your Honor's admonition when granting World Wide's previous request for an extension that "no further extensions will be granted," World Wide should not be permitted to submit its expert report on damages seven weeks late and without leave of the Court to do so. The Court should enforce its final scheduling Order, strike World Wide's expert report and its request for damages, and allow this action to proceed in accordance with the previously ordered schedule on World Wide's request for injunctive relief.

    From the outset, this case has proceeded in fits and starts at World Wide's whim and in repeated contravention of case-management schedules to which World Wide has agreed and that the Court has ordered. World Wide filed this action in November 2003. In a stipulated report pursuant to Rule 26(f), submitted to the Court on June 8, 2004, World Wide had agreed to respond to Shinkong's document requests by July 30, 2004 and submit its expert reports by March 31, 2005. *See* Dkt. # 10 ¶ 3. On the deadline for producing documents, World Wide served objections on Shinkong but no documents—which were not produced by World Wide until nearly two years later, in May 2006. The March 31, 2005 deadline for submitting World Wide's expert reports also came and went without any expert disclosures by World Wide.

    After a motion to dismiss by Shinkong, which the Court granted in part (*see* Dkt. # 12), and an unsuccessful settlement conference in October 2004, this case went into a deep freeze for three years during which World Wide did *nothing* to prosecute it. In October 2007, World Wide

JONES DAY

August 20, 2009
Page 2

awakened to ask the Court to re-designate a small handful of documents that Shinkong had produced as "attorney's eyes only." See Dkt. # 26. The Court disagreed with World Wide, denied its motion in a telephone conference on June 23, 2008, ordered a discovery cut-off of February 28, 2009, and set a conference date of January 14, 2009. See Dkt. # 28 (Ex. A hereto). The Court expressly ruled in its July 3, 2008 Order that "[t]he February 28 discovery cut-off date will not be changed." Id. Over Shinkong's objection, the Court also permitted World Wide to take its proposed third-party discovery of "two to four parties." Id.

World Wide failed to appear for the scheduled January 14, 2009 conference and, despite repeated requests by Shinkong, had up to that time also refused to provide dates for the depositions of its two principal witnesses or schedule dates for the depositions of Shinkong's witnesses in Taipei. See Ex. B hereto. World Wide also did not take any of the third-party depositions that it represented to the Court it had wanted to take and needed time to take (and it still has not taken any third-party depositions). The Court re-scheduled the conference. See Dkt. # 29. In light of World Wide's continued failure to prosecute this action even after the Court's July 2008 Order, Shinkong asked the Court for permission to move to dismiss it pursuant to Rule 41(b). See Ex. C hereto. The Court did not grant Shinkong's request, but, once again, extended the discovery schedule—this time principally to accommodate World Wide's submission of an expert report. See Dkt. # 31 (Ex. D hereto).

World Wide did not get any of its contemplated expert disclosures and non-party depositions completed in accordance with the extended discovery schedule, and so asked the Court for yet another extension. See Dkt. # 32 (Ex. E hereto). World Wide had represented to the Court, in particular, that it would make any expert disclosures by no later than June 10, 2009. Id. On April 30, 2009, the Court endorsed a letter by World Wide with an agreed-upon discovery schedule and expressly ruled (again) that "no further extensions will be granted." Id.

World Wide did not make its expert disclosure in support of its request for damages by June 10, 2009, in accordance with the schedule ordered by the Court. Nor did World Wide ask the Court for an extension of its deadline to do so.[1] Instead, World Wide just took for itself an additional *seven weeks*, until July 29, 2009 to make its expert disclosure and never provided any explanation for its failure to comply with the Court-ordered deadline. See Ex. F hereto. Nor is there any good explanation. The six-page expert report that World Wide eventually produced is based entirely on documents that had been produced to World Wide by a third-party in November 2008 and World Wide's own documents. The linchpin of the damages analysis is

---

[1] World Wide's August 14, 2009 letter says nothing about why it submitted its expert report nearly two months late and also failed even to ask the Court for leave to do so, but instead oddly tries to shift blame to Shinkong for not conferring about extending a deadline that the Court had already made emphatically clear would *not* be extended. World Wide has made a mockery of the schedule in this case, and Shinkong has had enough of acquiescing in World Wide's requests to the Court to constantly extend it.

JONES DAY

August 20, 2009
Page 3

also something that World Wide's expert calls World Wide's "weighted average gross profit per metric ton," which the expert states that he calculated from World Wide's own invoices—dated from seven to ten years ago—but that *World Wide has not produced to Shinkong* notwithstanding World Wide's obligation to do so at the outset of this case (*see* Rule 26(a)(1)(A)(iii)) and also in response to Shinkong's discovery demands more than five years ago in June 2004.

Shinkong respectfully requests that the Court put a stop to World Wide's refusal to abide by a discovery schedule in this case and its failure to prosecute this action in accordance with the Court's directives. Your Honor has typically allowed a foot-dragging plaintiff such as World Wide a chance to redeem itself before dismissing an action for failure to prosecute it. *See, e.g., Nelson v. Lapresi*, No. 90 Civ. 2509 (LAP), 1993 WL 246188 (S.D.N.Y. June 30, 1993) (failure to prosecute case during two years after defendant answered; "[a]lthough the Court has discretion to dismiss the complaint under these circumstances, the Court will afford to plaintiff one more opportunity to take steps to advance his case"). But World Wide has already had multiple "final" chances and has repeatedly failed to comply with the Court-ordered schedule.

Shinkong is not, however, asking the Court to dismiss this action pursuant to Rule 41(b), although such relief would be fully justified here. But the second Order stating that there would be "no further extensions" should have meant no further extensions, and the Court should not allow World Wide to flout the Court's orders without consequence. The Court should therefore strike World Wide's request for damages and its untimely expert report in support of that request and order that this case will proceed on Shinkong's request for injunctive relief, with discovery to close and dispositive motions to proceed in accordance with the schedule as previously ordered by the Court. The alternative would require yet another extension in this six-year-old case, which the Court should not tolerate after its repeated, final warnings to World Wide.[2]

Respectfully submitted,

Todd R. Geremia

cc:    Richard De Palma, Esq. (by facsimile)

---

[2] World Wide has had more than five years to prepare its damages case since it filed this action. The third-party documents on which its expert's analysis is based were also produced to World Wide in November 2008. Shinkong requests that, if the Court were to accept World Wide's late submission of its expert report in contravention of the Court's Order—and, to be clear, we respectfully submit that the Court should not—Shinkong be allowed to submit responsive expert disclosures by November 20, 2009. This time, only three months compared to the far longer period that World Wide has taken for itself, would be necessary to allow for document discovery in support of the report that has not yet even been provided by World Wide and also in light of Shinkong's counsel's commitments in other matters.